# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ELMO BAILEY,

        Petitioner,    :    Case No. 3:14-cv-453

  - vs -                             District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

      Petitioner Elmo Bailey filed this habeas corpus petition *pro se* pursuant to 28 U.S.C. § 2241(c)(3) and 2243. The case was automatically referred to the undersigned Magistrate Judge pursuant to the Court's General Order of Assignment and Reference and is before the Court for initial review. 28 U.S.C. § 2243 provides that the writ or an order to show cause why the writ should not be granted shall be issued forthwith "unless it appears from the application that the applicant or person detained is not entitled thereto."

      Bailey explains that he is collaterally appealing his 216 month sentence which was imposed by this Court in Case No. 3:09-cr-181 (Petition, Doc. No. 1, PageID 3). The record in that case shows that Bailey was arrested six years ago today, December 16, 2009 (Doc. No. 7). Thereafter on December 22, 2009, he was indicted by the grand jury on four counts: conspiracy to possess with the intent to distribute cocaine (Count 1), conspiracy to interfere with commerce through robbery (Count 2), possession of a firearm in furtherance of a drug trafficking crime (Count 3), and possession of a firearm in furtherance of a crime of violence (Count

4)(Indictment, Doc. No. 14).  Bailey pled not guilty at arraignment (Doc. No. 19).  On May 23, 2010, Bailey changed his plea on Counts 2 and 4 to guilty, pursuant to a Plea Agreement; Counts 1 and 3 were dismissed (Doc. No. 36).  On January 6, 2011, Bailey received a below-guidelines sentence of 156 months on Count 2 and the mandatory five-year consecutive sentence on Count 4 (Doc. Nos. 61, 64).  Bailey appealed, but the Sixth Circuit affirmed his conviction and sentence on March 16, 2012 (Doc. No. 84).

Count 4 of the Indictment, to which Bailey pled guilty, charged him with a violation of 18 U.S.C. § 924(c).  His Ground for Relief in this case is that he cannot be guilty of that offense because the gun in question was found by the police fifteen feet away from him under a car.  He asserts this evidence is constitutionally insufficient for conviction under *Bailey v. United States*, 516 U.S. 137 (1995), which held that to prove "use" as that term is meant in 18 U.S.C. § 924(c), "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate [drug] offense." Petitioner asserts that "[n]o government witness ever testified against Mr. Bailey, as having the possession of the gun charge." (Petition, Doc. No. 1, PageID 12.)

A claim that a conviction is based on insufficient evidence states a claim for relief under the Fourteenth Amendment which requires the United States to prove every element of a crime by evidence capable of establishing the element beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307 (1979).

28 U.S.C. § 2255 provides a remedy for unconstitutional federal imprisonment parallel to habeas corpus but in substitution for it.  Section 2255(e) provides:

> **(e)** An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

>sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Examination of the docket in Case No. 3:09-cr-181 shows that Bailey has never applied for relief under 28 U.S.C. § 2255.  Nor has he attempted to show in his Petition that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."

Even if Bailey showed the § 2255 motion remedy was inadequate or ineffective, this Court could not entertain his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 because the Court does not have jurisdiction of his custodian.  The address provided by Bailey with his Petition shows that he is confined at the United States Penitentiary in Tucson, Arizona.  This Court does not have personal jurisdiction over the superintendent or warden of that facility, who is the proper respondent in a § 2241 case.  *Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004).

**Conclusion**

It is accordingly respectfully recommended that the Petition herein be dismissed without prejudice as barred by 28 U.S.C. § 2255(e).  In the alternative, it is recommended that the Petition be dismissed without prejudice for lack of personal jurisdiction over Bailey's custodian.

3

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 16, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).